UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:21-CR-00336 |
| | ) | |
| | ) | (BRANN, C.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| MICHAEL ROSSETI RICHARDS, | ) | |
| Defendant | ) | |

MEMORANDUM OPINION ON BAIL FOLLOWING HEARING

I.      INTRODUCTION

The United States Constitution states that: "Excessive bail shall not be required . . ." U.S. Const. amend. VIII. The right to bail under the Eighth Amendment is not an absolute one, and Congress may restrict the category of cases in which bail will be allowed. This is not one of those cases.

The Bail Reform Act of 1984 establishes a four-tiered analysis regarding pre-trial detention.

The first tier suggests a simple release on personal recognizance or upon execution of an unsecured appearance bond.[1]

---

[1] (b) Release on Personal Recognizance or Unsecured Appearance Bond

  The judicial officer <u>shall release the person</u>…. (subject to compliance with the law and submission of a DNA sample if required)…. unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

In the second tier if the judicial officer determines that release on personal recognizance is not appropriate the judicial officer <u>shall release the person</u> …. subject to the "least restrictive" combination of fourteen (14) possible conditions.[2]

---

18 U.S. Code § 3142 (emphasis added).

[2] (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person—

    (i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;
    (ii) maintain employment, or, if unemployed, actively seek employment;
    (iii) maintain or commence an educational program;
    (iv) abide by specified restrictions on personal associations, place of abode, or travel;
    (v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;
    (vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
    (vii) comply with a specified curfew;
    (viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;
    (ix) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner;
    (x) undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;
    (xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require;
    (xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and

The third tier (not relevant here) allows for the temporary detention of persons thought to be on probation, or parole, or in the United States unlawfully, to determine their legal status.[3]

The fourth tier requires a hearing and a finding "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." In that situation detention is mandatory. 18 U.S.C. § 3142(e)(1). Subsection (e)(2) creates a rebuttable presumption that there are no conditions that will reasonably assure the safety of the community or any other person. The parties concede that this "presumption of detention" section does not apply here.

The Act further says that the rules concerning admissibility of evidence in criminal trials do not apply to a detention hearing but the facts used to detain shall be supported by clear and convincing evidence.[4]

---

the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond;
    (xiii) return to custody for specified hours following release for employment, schooling, or other limited purposes; and
    (xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

18 U.S.C. § 3142(c).

[3] 18 U.S.C. § 3142(d).
[4] 18 U.S.C. § 3142(f)(2)(B)

When deciding whether or not to release a defendant pre-trial the act identifies three main factors: 1) the circumstances of the offense; 2) the weight of the evidence; and 3) the history and characteristics of the defendant.

Under the Act, a decision to detain must be supported by written findings of fact and a statement of reasons and is immediately reviewable.

In this case a hearing was held on January 7, 2021 (Doc. 7). At that time detention was ordered. A Motion for Release from Custody was filed on March 11, 2022 (Doc. 20). Briefs were filed (Docs. 21 & 22) and a written decision to maintain detention was entered on May 2, 2022 (Doc. 23). A Motion for Hearing on the Issue of Detention (Doc. 26) was filed, along with a Brief in Support (Doc. 27). The Government filed a Brief in Opposition (Doc. 29) and a hearing was ordered. (Doc. 29). At the hearing the Defendant's mother Delrita (Richards) Lawrence testified (transcript filed at Doc. 40), the Defendant offered three exhibits (Docs 32 & 39) and the government offered two exhibits consisting of a series of social media posts (Doc. 35). Following the hearing the Government filed a second Brief in Opposition (Doc. 41) and the Defendant offered a Supplemental Memorandum (Doc. 42).

II.   DISCUSSION

The Defendant is charged with a violation of 18 U.S.C. §922(g)(1), possession of ammunition by a convicted felon, and 18 U.S.C. §922(g)(3), possession of ammunition by an unlawful drug user, and as such the presumption of detention does

not apply. 18 U.S.C. §3142(f)(1).  The charged crimes are not "crimes of violence" as set forth in 18 U.S.C. §3156(a)(4). The Defendant is not charged with a crime that carries a maximum term of life (*see* 18 U.S.C. § 3142(f)(1)(b), or a term of imprisonment of more than ten years (*see* 18 U.S.C. § 3142(f)(1)(b).  In other words, there is not a presumption of detention.

Despite the lack of a presumption of detention, the Government argues that no condition or combination of conditions will assure the presence of the Defendant or the safety of any person or the community.  The Defendant argues that he is not a flight risk, that the safety of the community can be assured by the imposition of reasonable conditions and that the Bail Reform Act, as interpreted in the Third Circuit, requires release on conditions citing *U.S. v. Triatz*, 807 F.2d 322 (3d Cir. 1986); and *U.S. v. Himler*, 797 F.2d 156 (3d Cir. 1986).

I have considered the Pretrial Services Reports (PTSR)[5] dated January 7, 2021, an email report of a home suitability study, dated February 22, 2022 (PTSE) (emailed to all counsel and the Court), the facts proffered at the initial hearing, the August 5, 2022. Hearing (Doc. 40), and the arguments of counsel, both at the hearings and in their respective filings (Docs. 26, 27, 32, 35, 39, 38, 41, & 42).

---

[5] Copies were provided to Counsel for both parties before the bail hearing.

Based on this record I make the following specific findings of fact.

1. The Defendant was born on February 27, 1979 (now 43 years old) in Panama City, Panama. (Doc. 4 and PTSR). He first entered the United States on April 1, 1994, at age 15 (PTSR; Doc. 40, p. 7).

2. The Defendant was the subject of immigration proceedings resolved in his favor with a finding by the ICE Office of Legal Counsel that he has derivative U.S. Citizenship, presumably through his mother. (Doc. 22, p. 12).

3. The Defendant claimed to be married to a woman named "Tamika" since 2009 (PTSR), however at the initial appearance he proposed to be released to live with his girlfriend "Portia," in Altoona, and at the time of his initial arrest on August 27, 2020, the police responded to an apartment in Bellefonte where he was involved in a "domestic dispute" with a third woman. The police reports indicate that he was residing there (Doc. 22, pp. 2-3).

4. There is nothing in this record to indicate that the Defendant was ever lawfully employed or that he currently has a lawful source of income. He does however have numerous arrests and at least four convictions for unlawful drug distribution and a weapons charge. (PTSR and Doc. 22).

5. The Defendant's driver's license lists his residence at 478 Orlando Street, State College, PA, 16803 (PTSR), however at the time of his arrest on August 27, 2020, he was living at 228 East Bishop Street, Apt. #2, Bellefonte, PA 16823 (Doc. 22-2, p. 3). On August 19, 2019, he pled guilty to operating a vehicle without a license in Bellefonte, PA, in violation of 75 P.S. §1501 (PTSR). His initial application for Naturalization was closed because he failed to attend two scheduled interviews (PTSR). These facts, along with his criminal convictions, indicate an inability or unwillingness to follow basic legal requirements.

6. The Defendant was born in Panama and presumably is a citizen of Panama (PTSR). The Government argues that his foreign country ties make him a flight risk. There is nothing in the record to indicate if he currently has a passport other than the passport he used to enter the country as a child. On this record it is not clear what country issued his passport as a child. There is also nothing in the record to indicate if he has ever traveled outside the United States since his original entry as a child in 1994. Based on his arrest record however there is evidence that he has been in Irvington, N.J., Newark, N.J., Westmoreland County, PA, Altoona, PA, and Centre County, PA. (PTSR).

7. The Defendant's mother lives in Macon, GA. Her driver's license also indicates an address other than the one that she provided to probation as her residence address (PTSE). However, at the hearing on August 5, 2022 she provided proof that she has updated her driver's license to reflect her correct address (D Ex. 1 &2, Hrg. 08/05/22).

8. The defendant's mother, Delrita Lawrence, became a naturalized American Citizen in 1993, lived and worked in this country since 1981, and has a master's degree in healthcare management. She and the defendant have not lived together for at least twenty years. (Doc. 40, pp. 8-9). From 1981 to 2006 she lived in New York City. In 2006 she moved to Macon Georgia. She currently works seven days a week as a personal care giver (7-3 and then 6-11) during the week and at a flea market on weekends.

9. Although the defendant's mother testified that they are close, she never visited any of his residences, and was not sure where he was living for the past twenty years, they simply spoke by phone, or he visits her. She testified that he has two children but she does not know where they live. She does not use Facebook and is not aware of any of his postings. She is willing to be a third-party custodian and has the financial ability to

   transport the Defendant from Georgia to Pennsylvania as required to meet with his attorney and attend court proceedings.

10. The Government has provided copies of three photographs posted on the Defendant's social media account showing that he possessed different semi-automatic rifles on three separate occasions. Those photos were posted on December 30, 2019, October 12, 2020, and December 14, 2020. (Doc. 22-1).

11. The Defendant was indicted on October 28, 2021, arrested by federal authorities on January 6, 2022, first appeared in Federal Court on January 7, 2022, and is currently set for trial to begin on December 5, 2022.

## III. DECISION

Based on the foregoing the Defendant's request for Bail will be DENIED at this time. Having carefully considered the alternatives presented in 18 U.S.C. §3142(b) & (c) I cannot find that there are conditions or a combination of conditions short of confinement that will reasonably assure the appearance of the Defendant as required and the safety of the community.

The Defendant correctly argues in his brief (Doc. 21) that he is technically eligible for bail and that as a matter of law a hearing was not required. However,

when Defendant is eligible for bail the Court must still make an individualized determination of the following factors to establish bail conditions:[6]

- The nature and circumstances of the offense charged (possession of three different magazines and numerous rounds of ammunition by a man who posted multiple pictures of himself possessing different prohibited firearms and possessed "a half pound of marijuana" when his Bellefonte apartment was searched.  For a detailed description *see* Doc. 22, pp. 3-7 where the government proffers a summary of the police reports from the search);
- The weight of the evidence (strong based on the government's proffers);
- The persons character (based on this record, sketchy at best);
- Family ties (Defendant has a wife, child and mother, but there is no evidence of the strength of the ties to his wife and child.  His mother testified that he calls her regularly, but she could not explain how he supported himself.  She did also not have a detailed knowledge of his criminal past);

---

[6] 18 U.S.C. §3142(g)

- Employment (no evidence of lawful employment except a vague reference to doing some painting and being paid "under the table" despite being 43 years old);

- Financial resources (no evidence of any financial resources on his own, but his mother testified that she would support him and provide transportation to and from her home in Georgia to meet with his lawyer and attend any required court hearings.);

- Length of residence in the community (probably two to four years in Centre County);

- Community ties (other than his criminal history and a Pennsylvania ID card [not a driver's license] there is nothing in the record to tie him to any place);

- Past conduct (multiple criminal drug convictions involving drug sales);

- History relating to drug or alcohol abuse (nothing in the record);

- Criminal history (multiple drug convictions and an old [2001] weapons conviction);

- Record concerning appearance at court proceedings (two missed immigration hearings but no bail jumping or failure to appears for criminal matters).

- I resolve the question of the financial resources to attend court proceedings in Pennsylvania while living in Georgia in his favor given his mother's express commitment on this subject.

- Regarding possible home detention or house arrest, his mother works caring for two individuals during the week and at a flea market on Saturday and Sunday. She is out of the house for most of the day, seven days a week. This lack of adequate supervision cuts against that option.

On this record I cannot determine the "least restrictive conditions" much less any conditions that will "reasonably assure the appearance" of the Defendant when required, except detention. In short, there simply not enough information in this record to establish that the Defendant can follow lawful instructions like those imposed as conditions of release.

IV.   CONCLUSION

The Defendant must be detained pending trial.  An appropriate order follows.

Date:  November 1, 2022                         BY THE COURT

                                                *s/William I. Arbuckle*
                                                William I. Arbuckle
                                                U.S. Magistrate Judge